[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 26, 2010
JOHN LEY
CLERK

_____

No. 09-13068
Non-Argument Calendar

_____

D. C. Docket No. 08-00105-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES CUNNINGHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 26, 2010)

Before EDMONDSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Charles Cunningham appeals his 60-month sentence, imposed below the

applicable guideline range of 78 to 97 months' imprisonment, after pleading guilty to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On appeal, he argues that the district court, in imposing his sentence, committed procedural error by improperly failing to consider all of his history and characteristics. Also, he argues that the 60-month sentence was unwarranted under the circumstances. Cunningham requested that the district court depart further downward and give him a more lenient sentence because his conduct was uncharacteristic of a classic pedophile.

In reviewing the reasonableness of a sentence, we apply an abuse-of-discretion standard using a two-step process that begins with determining whether the district court committed any significant procedural error. If no procedural error is found, then we examine whether the sentence is substantively reasonable under the totality of the circumstances. *United States v. Pugh*, 515 F.3d 1179, 1189–90 (11th Cir. 2008). The party challenging the sentence has the burden of establishing unreasonableness in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006).

First, the district court did not commit procedural error. The court correctly calculated the appropriate guideline range. Moreover, there is no suggestion that clearly erroneous facts were relied upon or that the court failed to explain

adequately the sentence. Second, Cunningham's sentence is not substantially unreasonable. The district court properly considered the § 3553(a) factors. The court considered the guidelines, the arguments of the parties, and the § 3553(a) factors, and rendered an individualized sentence, one that included a downward variance, resulting in a sentence that is five years less than the statutory maximum. The court explained the basis for the chosen sentence, stating that Cunningham's offense was serious, involving more than 1,100 erotic or pornographic images of children and nine "hardcore" pornographic videos. Cunningham bought and downloaded illicit material over an eight-month period. The court stated that it was important to impose a term of imprisonment of several years to deter similar criminal conduct by others and mete out justice for the child victims. The court noted that the sentence was at the low end of the range in four out of five similar possession cases in the district. Finally, the court noted that it took Cunningham's age and health into account in imposing its sentence.

Accordingly, Cunningham has not satisfied his burden of establishing procedural or substantive unreasonableness in light of the record and the § 3553(a) factors. We affirm the judgment of the district court.

**AFFIRMED.**